**Jon LINDSAY, et al., Appellants,**

v.

**Elvira Gomez CAVAZOS, et al., Appellee.**

No. B14–82–401CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 7, 1983.

Rehearing Denied May 12, 1983.

Mike Driscoll, County Atty., Houston, for appellants.

Thomas E. Lucas, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

OPINION

CANNON, Justice.

This is an appeal from an Order of the 164th Judicial District Court of Harris County reversing the April 5, 1982 order of County Judge Jon Lindsay denying issuance of a Beer Retailer's Off-Premises License to Elvira Gomez Cavazos d/b/a "Bob's Grocery Drive In", 1735 Pasadena Street (Forest Hill Subdivision) Houston. We reverse the Order of the trial court.

Elvira Gomez Cavazos, Appellee, d/b/a "Bob's Grocery Drive In", 1735 Pasadena Street, Houston, filed application No. 63,345 with County Judge Jon Lindsay for a Wine and Beer Retailer's Permit, which, if granted, would have authorized the sale of wine, beer and liquor for both *on* and *off* premises consumption. On April 15, 1981, a hearing on the application was held by Judge Jon Lindsay. Five citizens, all residents of Forest Hill Subdivision, appeared and contested the application. By written Order dated May 15, 1981 Judge Lindsay denied the application on the grounds of the adverse effect which the introduction of the sale of alcoholic beverages would have on the predominately *residential* nature of the Forest Hill Subdivision in which "Bob's Grocery Drive In" is located, and in consideration of the insufficient off street parking at 1735 Pasadena Street.

Later in 1981, Cavazos filed application No. 65,523 for a Beer Retailer's *Off*-Premises License to be used at 1735 Pasadena Street, Houston. A hearing on that application was conducted by Judge Lindsay on October 29, 1981. The same five citizens and residents of Forest Hill Subdivision appeared and again contested the application.

That application was denied by Order of Judge Lindsay on November 12, 1981, also on the grounds of the adverse effect which the introduction of the sale of alcoholic beverages would have on the predominately residential area surrounding the proposed location.

On December 11, 1981, Cavazos filed Cause No. 81–59734 in the 129th Judicial District Court of Harris County, Texas as an appeal from the November 12, 1981 Order denying application No. 65,523. No hearing was held on or before December 21, 1981, in cause No 81–59734, and, in accordance with Tex.Alco.Bev.Code Ann. § 11.-67(b)(3) (Vernon 1978), the District Court lost jurisdiction to review the November 12, 1981 Order.

On February 12, 1982, Cavazos filed another application for a Beer Retailer's *Off*-Premises License to be used in the operation of "Bob's Grocery Drive In" at the same location as application No. 65,523. By letter dated February 19, 1982, Judge Lindsay informed Cavazos that application No. 66,939 was essentially identical to application No. 65,523, and, that unless Cavazos furnished an affidavit setting forth any facts which demonstrated a change of circumstances from those conditions which existed at the time of the hearing of application No. 65,523 on October 29, 1981, that the application would be denied without a hearing. Cavazos did not furnish Judge Lindsay with such an affidavit or any other response to that letter.

On March 26, 1982 Cavazos filed Cause No. 82–14887 in the 164th Judicial District Court of Harris County, Texas, joining Judge Lindsay and the Texas Alcoholic Beverage Commission, complaining of the non-issuance of the Beer Retailer's Off-Premises License which she sought in application No. 66,939. Cavazos' Original Petition appealed from the February 19, 1982 letter of Judge Lindsay. On April 5, 1982, Judge Lindsay entered a written Order denying application No. 66,939 for failure of Cavazos to establish the existence of any factual difference in circumstances from the earlier application. Cavazos amended

her pleadings in Cause No. 82–14887 to reference the April 5, 1982 Order of Judge Lindsay. The trial court overruled the appellant's Motion to Dismiss that suit, and held a hearing on the application. After the hearing, the trial court made the following Conclusions of Law:

1. That no judicial decision was ever made in regards to the appeal of the denial of the first application by the order dated November 12, 1981;

2. That Petitioner was statutorily estopped from pursuing said appeal;

3. That such statutory estoppel on appeal does not estop Petitioner from reapplying for such a license;

4. That the doctrines of res judicata and collateral estoppel do not prohibit this Court from reviewing the administrative decisions made by Defendant Jon Lindsay in connection with this appeal;

5. That substantial evidence does not exist to support the findings and conclusions made by Defendant Jon Lindsay in his order of April 5, 1982, nor his order of November 12, 1981, as incorporated into the April 5, 1982 order, in denying Application No. 66,939;

6. That, since other establishments sell beer in the vicinity of Petitioner's location, it would be discriminatory to deny said application;

7. That the fact that some of the residents of the area in question are against the sale of beer in their neighborhood presents a political question to be determined by the voters in accordance with Tex.Alco.Bev.Code Tit. 6, and is not of itself sufficient reason to deny the application of an otherwise qualified applicant.

The appellant's first and second points of error argue that the trial court erred as a matter of law by failing to apply the doctrine of res judicata and collateral estoppel as a bar to the appeal for judicial review of an administrative order denying a Beer Retailers Off-Premises License.

There is no issue as to the sufficiency of the application that Forest Hill Subdivision is a "wet area" and that Forest Hill Subdivision is zoned for commercial purposes, or

that the applicant Cavazos is a law abiding citizen.

The contestants, five residents of Forest Hill Subdivision, appeared at the two administrative hearings and the District Court hearing. These witnesses testified in general that no alcohol was sold in Forest Hill Subdivision and that alcohol is sold 4/10th of a mile from Bob's Grocery Drive In on 75th Street, a major thoroughfare. Mr. Arcizo specifically expressed concern that the sale of alcohol at Bob's Grocery Drive In would have an adverse effect on the quality of the environment which he desired to maintain for his teenage daughter who lives with him and his grandchildren who visit him, that property values would decline, and that parking was a problem in the vicinity of Bob's Grocery Drive In. Hortense Jaramillo, a neighbor, testified that she was concerned that the sale of alcohol would have an adverse effect on her 16 year old retarded son who resides with her. Mr. Martinez, a resident across the street from Bob's Grocery Drive In, was concerned that property values would decrease and that the sale of alcohol would have an adverse effect on children in the area. Mr. Allen, a neighbor across the street from the grocery, opposed the application because of his concern for the sale of alcohol at the store.

The concept of administrative res judicata was addressed by the Supreme Court of Texas in *Westheimer Independent School District v. Brockett*, 567 S.W.2d 780 (Tex. 1978). In 1976, the opponents of the Westheimer I.S.D. petitioned the county school trustees of Harris County to reverse their original decision to create the District. Grounds for the petition included, among others, complaints that testimony at the earlier hearing was not under oath or subject to cross-examination, and conflict of interest allegations on the part of counsel for the county school trustees. The county school trustees refused to grant the request for a rehearing and opponents sent an appeal to the Commissioner of Education, who scheduled a hearing. This hearing was enjoined by the District Court of Travis County. In affirming the District Court's injunction, the Supreme Court held that in

order for there to be a review of a final administrative order, there must be a "material change in conditions." The Supreme Court's opinion further states that:

This Court holds that a 'material change of conditions' shall be narrowly construed, providing a basis for review in only limited circumstances. Such a policy recognizes that there are aspects of administrative orders which must be treated with flexibility, rather than the binding effects of traditional res judicata. Limited flexibility is necessary to effectively compensate for the summary disposition of many administrative proceedings, the shifting nature of administrative policies, and the inherent problems posed in reaching hybrid administrative judicial rulings. *However, whenever possible the Court should support the finality of administrative orders in keeping with the public policy favoring an end to litigation, whether it be in the administrative or judicial process. Continued litigation of issues or piecemeal litigation should be discouraged.* Therefore, to constitute material changes of conditions, the allegations must reflect that changes have intervened since the rendition of the order and must not constitute issues which might have been raised in the prior hearing had adequate and diligent research been conducted to discover facts. (Emphasis added). *Id.* at 787.

The need recognized by the Supreme Court in *Westheimer I.S.D.* for finality to litigation, including administrative hearings, is applicable in the instant case. The residents of Forest Hill Subdivision had testified at two administrative hearings and at trial in the District Court. No "material change of conditions" were presented by appellee. Accordingly, the trial court should have refused to entertain the appeal on the basis that Cause No. 81–59734 constituted res judicata.

Since appellant's first and second points of error are dispositive of this case, we will not take the liberty to address appellant's other points of error.

The judgment of the District Court is reversed and it is directed that the permit for a beer Retailers Off-Premises License to Elvira Gomez Cavazos d/b/a "Bob's Grocery Drive In" located at 1735 Pasadena Street Houston, be denied.