Michael **HUMPHREY**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 96–SC–330–MR.

Supreme Court of Kentucky.

Feb. 19, 1998.

Robert A. Thomas, Harlan, Warren N. Scoville, Scoville, Cessna & Associates, London,for Appellant.

A.B. Chandler II, Attorney General, Michael L. Harned, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

J. Vincent Aprile, II, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Amicus Curiae, Department of Public Advocacy.

LAMBERT, Justice.

Appellant was indicted for three counts of rape in the first degree, involving three different female children, all under the age of twelve (12). The Harlan Circuit Court directed a verdict of not guilty for appellant as to Count II of the indictment, and submitted the other counts to the jury. The jury convicted appellant of sexual abuse in the first degree as a lesser included offense under Count I, and of rape in the first degree under Count II. Appellant was sentenced to life imprisonment on the first degree rape conviction and to a concurrent five year term of imprisonment on the first degree sexual abuse conviction. Appellant now appeals to this Court as a matter of right.

■ On this direct appeal, appellant broadly contends that he received ineffective assistance of counsel both prior to and during his trial. He has cited numerous examples of actions taken or not taken by trial counsel which allegedly infringed upon his constitutional right to effective assistance of counsel. Only four of the numerous claims appellant makes were preserved for review, and this was by motion for a new trial. The trial court overruled appellant's motion for new trial and found no merit in his ineffective assistance claims. Appellant's wholly unpreserved claims will not be considered on this direct appeal but this does not preclude their consideration in a proper collateral attack proceeding. *Hennemeyer v. Commonwealth*, Ky., 580 S.W.2d 211 (1979).

■ As a general rule, a claim of ineffective assistance of counsel will not be reviewed on direct appeal from the trial court's judgment, because there is usually no record or trial court ruling on which such a claim can be properly considered. Appellate courts review only claims of error which have been presented to trial courts. *Caslin v. Commonwealth*, Ky., 491 S.W.2d 832 (1973). Moreover, as it is unethical for counsel to assert his or her own ineffectiveness for a variety of reasons, KBA Op. E–321 (July 1987), and due to the brief time allowed for making post trial motions, claims of ineffective assistance of counsel are best suited to collateral attack proceedings, after the direct appeal is over, and in the trial court where a proper record can be made. This is not to say, however, that a claim of ineffective assistance of counsel is precluded from review on direct appeal, provided there is a trial record,

or an evidentiary hearing is held on motion for a new trial, and the trial court rules on the issue. *Hopewell v. Commonwealth,* Ky., 641 S.W.2d 744 (1982); *Wilson v. Commonwealth,* Ky., 601 S.W.2d 280, 284 (1980).

Appellant brought some of his ineffective assistance of counsel claims in a motion for a new trial and the trial court duly ruled thereon. As to these, appellant's appeal is not improper. However, a better approach would have been to have presented the unpreserved errors, if such could have been done in good faith, as palpable error under RCr 10.26. If that approach had been taken unsuccessfully, an ineffective assistance of counsel claim based on those unpreserved errors would still be available in a collateral attack proceeding.

■ When a claim of ineffective assistance of counsel is raised, the standard of review is a two-pronged test. "First, the defendant must show that the counsel's performance was deficient.... Second, the defendant must show the deficient performance prejudiced the defense." *Gall v. Commonwealth,* Ky., 702 S.W.2d 37, 39 (1985), *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant has a heavy burden in proving that trial counsel's performance was ineffective or unreasonable. Adding to this burden is the presumption that counsel's conduct falls within the acceptable range of reasonable and effective assistance of counsel, as guaranteed by the Constitution.

■ Appellant initially argues that his trial counsel was ineffective because counsel failed to provide required reciprocal discovery to the Commonwealth, resulting in a testimonial limitation upon appellant's medical witness, Dr. Lovett. This argument, is contradicted by the record. When appellant called Dr. Lovett to testify, the Commonwealth objected due to the fact that reciprocal discovery had not been provided as to this witness, and as required by the Discovery Order issued by the trial court. Both counsel approached the bench and the Commonwealth requested to confer with appellant's counsel prior to the trial court's ruling on the Commonwealth's objection. When counsel returned to the bench, the Commonwealth

informed the trial court that it was going to withdraw its previous objection based on appellant's counsel's assurance that Dr. Lovett had been called to testify only as to blood and pain that would be present in the victims, if events actually occurred as the victims explained.

The trial court was never advised that Dr. Lovett was expected to serve any other purpose or to testify as to any other matter. The trial court also noted that Dr. Lovett testified to these matters "extensively" and "almost to a point of advocacy." Therefore, it is clear from the record that appellant's counsel was in no way limited from pursuing her stated goal with Dr. Lovett's testimony.

■ Appellant next contends that he received ineffective assistance of counsel in that there was no objection to the testimony of the Commonwealth's medical expert, Dr. Bates, who allegedly invaded the province of the jury and testified as to the ultimate issue in the case. Dr. Bates testified as to her findings upon a medical examination of the victims. Of the three victims, Dr. Bates testified that her findings were conclusive only as to one victim, K.H., and that those findings were that the victim had been injured in her vaginal area by some type of penetration. The doctor never attempted to say what was used to effect the penetration, nor did she ever suggest who might have caused the penetration. In fact, Dr. Bates specifically testified that she could not tell how K.H. had been penetrated. Dr. Bates' testimony gave the jury necessary information, but left it to the jury to decide what type of penetration had occurred to cause the injuries that she had observed in K.H.

As noted by the trial court, Dr. Bates did not invade the province of the jury. She stated only her medical findings—she offered no opinions, never suggested that any of the victims were sexually molested and never offered any thoughts as to who may, or may not, have molested whom. Since Dr. Bates' testimony was not improper there was no reason for trial counsel to object and no evidence to substantiate a claim of ineffective assistance of counsel.

Appellant next asserts that he was denied effective assistance of counsel in that his trial counsel did not object to the trial court conducting a competency hearing of K.H. in open court and in the presence of the jury. It is well accepted that age is no determination of competence. The Kentucky Rules of Evidence do not contain a minimum age for testimonial capacity.

In the case at bar, the trial court conducted a competency hearing of K.H. in order to determine whether she understood the oath that she took and the seriousness of the proceedings in which she was a key participant. While it would have been better practice to have conducted the competency hearing in chambers, outside the presence and hearing of the jury, inasmuch as our law was not then settled on this point, counsel's failure to object did not amount to ineffective assistance. Moreover, the trial court said nothing which amounted to bolstering the credibility of K.H. and although appellant asserts that there was some type of error and that his trial counsel should have objected, at that time there was no authority that such a hearing was improper. There was no ineffective assistance of counsel.

Appellant finally asserts that his trial counsel was ineffective in that counsel permitted the Commonwealth to lead K.H. during questioning, prior to the Commonwealth asking formal leave of the trial court to proceed in such a manner.

It is established that the trial court has broad discretion in permitting leading questions in the examination of the very young and the very old, when such method of questioning is necessary to elicit the facts. *Hardy v. Commonwealth*, Ky., 719 S.W.2d 727 (1986); *Blankenship v. Commonwealth*, 234 Ky. 531, 28 S.W.2d 774 (1930). Appellant's trial counsel did not object to the use of leading questions by the Commonwealth as such an objection would have been futile, given the tender age of the witness. The trial court noted that if an objection had been made, it would have been overruled, not only by himself but probably every court in the nation. The trial court also stated that although some of the Commonwealth's leading questions were not actually follow-up questions which related to the previous answer given by K.H., there was nothing fundamentally unfair due to the tender age of the witness.

During the course of the arguments on appellant's motion for a new trial, the trial court also addressed two related issues that were not specifically raised by appellant. First, the trial court addressed the fact that K.H. never verbally identified the person whom she claimed raped her. In other words, when K.H. was asked "Who did this to you?" she was unable to verbally respond, stating instead that she did not want to say the name out loud. The trial court allowed the witness to take a pad of paper and write down the name, which she immediately did. The name she wrote was that of appellant. The trial court stated that it suggested and condoned this course of action due to the sensitive nature of the proceedings, the age of the witness and the family relationship between the witness and appellant.

The trial court, in its colloquy with counsel, also addressed the question of whether it was sufficiently established that K.H. knew and understood the definition of sexual intercourse. The Commonwealth, during direct exam, asked K.H. if appellant had engaged in sexual intercourse with her. She answered in the affirmative. The next question by the Commonwealth to K.H. was whether she knew what the definition of sexual intercourse was. This she also answered in the affirmative. This line of questioning was discontinued and appellant's trial counsel never raised an objection nor re-addressed the subject on cross-examination. The trial court reasoned that since no objection was ever presented and no further questions would have been required with an older witness, no error was committed. "[I]t must be assumed that the witness used the words 'sexual intercourse' in their ordinary sense." *Anderson v. Commonwealth*, Ky., 500 S.W.2d 76 (1973). We agree with the reasoning of the trial court and find that these allegations of error do not rise to the level required to establish a claim of ineffective assistance of counsel.

Appellant also asserts that the trial court erred by failing to grant him a directed

verdict on Count II of the indictment. Count II charged appellant with rape of K.H., for which he received a life sentence. Appellant claims that a directed verdict should have been granted as the complaining witness, K.H., never said that appellant had sexual intercourse with her or that his penis had penetrated her vagina.

On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, Ky., 816 S.W.2d 186, 187 (1991). On appeal, the Court is to consider whether, under the evidence as a whole, it would not be clearly unreasonable for a jury to find the defendant guilty. If it would not be clearly unreasonable for a jury to find the defendant guilty, then he is not entitled to a directed verdict. *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983); *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977).

■ Upon consideration of the evidence in this case, taken as a whole, it was not clearly unreasonable for the jury to find appellant guilty. K.H. testified that she knew the definition of sexual intercourse and that appellant had engaged in sexual intercourse with her. Dr. Bates, the medical expert, testified as to the injuries she had observed. This evidence could lead a jury to believe beyond a reasonable doubt that appellant committed the crime charged in the indictment.

For the foregoing reasons, we hold that the judgment of the Harlan Circuit Court is affirmed.

All concur.