**Troy MARTIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2004–SC–000130–DG.

Supreme Court of Kentucky.

May 18, 2006.

As Modified May 23, 2006.

Rehearing Denied Dec. 21, 2006.

Richard Edwin Neal, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

This RCr 11.42 appeal asks whether a holding by this Court on direct appeal that a claimed error is not palpable error (RCr 10.26) necessarily precludes any possibility that a subsequent ineffective assistance of counsel claim may be successfully maintained based on the same claim of error. For the reasons hereinafter set forth, we hold that such a prior determination does not preclude relief for ineffective assistance of counsel, as the dispositive inquiries differ.

Appellant, Troy Martin, was convicted upon a jury verdict of first-degree burglary. Thereafter, he pled guilty to being a persistent felony offender (PFO) in the first degree. Appellant received a ten-year sentence on the burglary conviction which was enhanced to twenty years by the PFO conviction. On his direct appeal to this Court, Appellant contended, *inter alia*, that improper comments were made by the prosecutor in closing argument which substantially prejudiced him and violated his due process rights and his right to a fair trial by an impartial jury. This Court criticized the prosecutor's comments and concluded that they were likely improper. However, Appellant's counsel had failed to object to any of the argument complained of and our review was for palpable error. We held that the improper argument did not rise to the level of palpable error, and the judgment was affirmed.

Appellant sought relief pursuant to RCr 11.42, alleging that his trial counsel's failure to preserve, by contemporaneous objection, the issue of improper prosecutorial argument amounted to ineffective assistance of counsel. The trial court denied Appellant's motion and the Court of Appeals affirmed. The Court of Appeals noted that RCr 11.42 is a procedural vehicle to present claims of error that could not have been raised on direct appeal. Thus, it reasoned that because Appellant had raised the improper argument error, albeit as palpable error, on direct appeal, he was not entitled to raise it again in a collateral attack proceeding under RCr 11.42. To the contrary, however, this Court has acknowledged the availability of an ineffective assistance claim based on a claimed error that failed the palpable error test.[1]

In *Humphrey v. Commonwealth*, ineffective assistance of counsel was raised on

---

1. *Humphrey v. Commonwealth,* 962 S.W.2d 870 (Ky.1998).

direct appeal to this Court. Some alleged errors, but not all, had been considered on motion for a new trial. Because the ineffective assistance claims had been heard and ruled on by the trial court on motion for a new trial, we proceeded to review those claims in Humphrey's direct appeal, but we stated:

> [A] better approach would have been to have presented the unpreserved errors, if such could have been done in good faith, as palpable error under RCr 10.26. If that approach had been taken unsuccessfully, an ineffective assistance of counsel claim based on those unpreserved errors would still be available in a collateral attack proceeding.[2]

From the above-quoted language it is clear that an unsuccessful attempt to prevail upon a palpable error claim and an adverse ruling from the Court on direct appeal does not preclude the same claim of error from being considered again as ineffective assistance of counsel.

 This Court reviews unpreserved claims of error on direct appeal only for palpable error. To prevail, one must show that the error resulted in "manifest injustice." RCr 10.26 provides:

> A palpable error which affects the substantial rights of a party may be considered ... by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that *manifest injustice* has resulted from the error. (Emphasis added).

This Court has stated:

> Under this rule, an error is reversible only if a manifest injustice has resulted

from the error. That means that if, upon consideration of the whole case, a substantial possibility does not exist that the result would have been different, the error will be deemed nonprejudicial.[3]

While this statement is not inaccurate, it fails to adequately describe the necessary degree of prejudice associated with the unpreserved question in the context of the whole case. The language "[a] substantial possibility does not exist that the result would have been different" is at best confusing, and it falls short of the required standard. A better understanding is gained from an examination of RCr 10.26 with emphasis on the concept of "manifest injustice." While the language used is clear enough, we further explain that the required showing is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law.

In *United States v. Cotton*[4] the Supreme Court analyzed the plain error test of Federal Rule of Criminal Procedure 52(b), the federal counterpart of RCr 10.26. At issue was an indictment that failed to meet the requirements of *Apprendi v. New Jersey*,[5] but where the respondents had failed to raise the *Apprendi* claim before the trial court. Despite failure of preservation, the United States Court of Appeals for the Fourth Circuit vacated the sentences on grounds that failure of the indictment to set forth all necessary elements of the offense violated both mandatory and jurisdictional requirements. Rejecting the holding with respect to jurisdiction, the Supreme Court proceeded to the plain error test of Federal

**2.** *Id.* at 873.

**3.** *Graves v. Commonwealth,* 17 S.W.3d 858, 864 (Ky.2000) (quoting *Jackson v. Commonwealth,* 717 S.W.2d 511, 513 (Ky.App.1986)).

**4.** 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

**5.** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Rule of Criminal Procedure 52(b). The Court reviewed the plain error components from its precedents, but focused primarily on an element from *Johnson v. United States* [6] as follows: "an appellate court may then exercise its discretion to notice a forfeited error but only if . . . the error seriously affects the fairness, integrity or public reputation of judicial proceedings." [7] Reversing the Fourth Circuit, the Supreme Court remanded for reinstatement of the sentences on grounds that the unpreserved *Apprendi* error did not meet the requirements for plain error.

■ While the language of RCr 10.26 and Federal Rule of Criminal Procedure 52(b) differ substantially, and recognizing that this Court is not obligated to follow *Cotton*, we nevertheless believe it to be a valuable guide in the application of our palpable error rule. To discover manifest injustice, a reviewing court must plumb the depths of the proceeding, as was done in *Cotton*, to determine whether the defect in the proceeding was shocking or jurisprudentially intolerable.

■ With the foregoing discussion of palpable error in mind, as it is deeply involved here, we return to the instant case. The Court of Appeals' affirmance of the trial court's denial of RCr 11.42 relief was on the view that a finding of no palpable error precludes such relief. As such, we must examine the RCr 11.42 standard to determine whether it differs from palpable error.

■ A review of the issues in an ineffective assistance claim is conducted under the test delineated by the Supreme Court in *Strickland v. Washington.* [8] The *Strickland* test requires a showing that without the error:

> The factfinder would have had a reasonable doubt respecting guilt. . . . In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. . . . Taking the unaffected findings as a given, and taking due accord of the effect of the errors on the remaining findings, a court making a prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors. [9]

On the other hand, the Court noted:

> The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome. [10]

Thus, *Strickland* articulated a requirement of reasonable likelihood of a different result but stopped short of outcome determination.

As the discussion hereinabove reveals, there are distinctions between palpable error under RCr 10.26 and the "prejudice" requirement of *Strickland*. This prevents

---

**6.** 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

**7.** *Cotton*, at 631, 122 S.Ct. 1781; *see also Ernst v. Comm.*, 160 S.W.3d 744, 758 (Ky.2005)(properly applying this standard to an evidentiary error under KRE 103(e)).

**8.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (This Court has expressly embraced the Strickland test in numerous deci-

sions including *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky.1985); *Thompson v. Commonwealth*, 177 S.W.3d 782 (Ky.2005); *Norton v. Commonwealth*, 63 S.W.3d 175 (Ky.2001); and *Commonwealth v. Pelfrey*, 998 S.W.2d 460 (Ky.1999)).

**9.** *Strickland*, at 695–96, 104 S.Ct. 2052.

**10.** *Id.* at 694.

a palpable error analysis from being dispositive of an ineffective assistance claim.

When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process. However, on collateral attack, when claims of ineffective assistance of counsel are before the court, the inquiry is broader. In that circumstance, the inquiry is not only upon what happened, but why it happened, and whether it was a result of trial strategy, the negligence or indifference of counsel, or any other factor that would shed light upon the severity of the defect and why there was no objection at trial. Thus, a palpable error claim imposes a more stringent standard and a narrower focus than does an ineffective assistance claim. Therefore, as a matter of law, a failure to prevail on a palpable error claim does not obviate a proper ineffective assistance claim.

■ A final point should be addressed. In the future, reviewing courts should endeavor to avoid mixing the concepts of palpable error [11] and harmless error.[12] One is not the opposite of the other. A claim of palpable error presupposes a lack of preservation and such claims are held to the standard described herein. Harmless error, on the other hand, presupposes preservation and an erroneous trial court ruling, but nevertheless permits a reviewing court to disregard it as non-prejudicial.

For the reasons herein, we reverse and remand to the Court of Appeals for further consistent proceedings.

LAMBERT, C.J., and COOPER, JOHNSTONE, and SCOTT, JJ., concur.

WINTERSHEIMER, J., files a separate concurring opinion in which GRAVES and ROACH, JJ., join.

Concurring Opinion by Justice WINTERSHEIMER.

The majority opinion reaches the correct result but needlessly creates new criteria for review of alleged palpable error. In Martin's original case before this Court, we affirmed when our palpable error analysis started with the improper argument at trial that was not a preserved error. Martin now seeks relief pursuant to RCr 11.42 alleging that trial counsel's failure to preserve that error was ineffective assistance of counsel.

There is nothing to prevent a collateral attack when alleging error of counsel in such a situation. The Court of Appeals was not correct when it affirmed the trial court's denial of RCr 11.42 relief. Martin should be able to proceed with an RCr 11.42 action. It is only then that a decision regarding whether any ineffective assistance of counsel reaches the level of reversible error may be determined. *See Humphrey v. Commonwealth* 962 S.W.2d 870 (Ky.1998).

Palpable error review is governed by RCr 10.26 and requires a showing of manifest injustice. We have most recently confirmed the understanding of that term to mean "a substantial possibility does not exist that the result would have been different". *Graves v. Commonwealth,* 17 S.W.3d 858 (Ky.2000). That concept remains clear, concise, and correct. The majority opinion however, after acknowledging that "the language used is clear enough" then provides an additional definition or step in the process. Besides the probability of a different result, the majority opinion states that in addition, the er-

---

**11.** RCr 10.26.

**12.** RCr 9.24.

ror could merely be "so fundamental as to threaten a defendant's entitlement to due process of law".

This added requirement to manifest injustice analysis is not provided for in our rules and is not needed. If an error at trial threatens a defendant's entitlement to due process of law, there are appropriate avenues of relief. Ky. Const. § 14. One would hope that the method would be an objection followed by a ruling from the trial court. A direct appeal from the trial court ruling is then available. Should an objection not be provided, palpable error review and then collateral review through RCr 11.42 would provide ample opportunity to fulfill any due process requirements.

It is easy to create a myriad of hypothetical examples where an error may enter a trial and be so fundamental that it affects entitlement to due process of law. Yet those situations would not necessarily create manifest injustice. The errors would not necessarily change the result. If any error is significant enough to cross the threshold of due process requirements it should be reviewed in that manner. It is only after that analysis that a manifest injustice review would be appropriate.

The majority opinion acknowledges the substantial differences between our RCr 10.26 and the Federal Rules of Criminal Procedure 52(b). It also clearly notes that the analysis of the federal rules in *U.S. v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) is outside any application to our RCr 10.26 yet proceeds to then adopt the *Cotton* determination of "whether the defect in the proceeding was shocking or jurisprudentially intolerable". This melding of the federal definition along with the due process requirements added to the original *Graves, supra,* requirement of a changed result has now created a palpable error analysis that is riddled with conflict. The new steps are not needed and will only open the floodgates of further litigation because we will then be called upon to clarify what was once already clear.

I concur in result only

GRAVES and ROACH, JJ., join.