v.

**COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES; and I.C.D., an infant, Appellees.**

No. 2012–CA–000194–ME.

Court of Appeals of Kentucky.

Nov. 9, 2012.

---

John T. Fowler, III, Louisville, KY, for appellant.

Erika L. Saylor, Louisville, KY, for appellees.

Before ACREE, Chief Judge; DIXON and VANMETER, Judges.

---

1. Kentucky Revised Statutes.

*OPINION*

VANMETER, Judge:

B.M.H. appeals from an order of the Jefferson Circuit Court, Family Division, denying his motion to dismiss its September 22, 2011, judgment terminating his parental rights to I.C.D. We affirm.

N.D. gave birth to I.C.D. on August 8, 2010, at Clark Memorial Hospital. Both tested positive for cocaine metabolite and a report was filed with the Cabinet for Health and Family Services ("Cabinet"). The Cabinet obtained an emergency custody order for the child. Thereafter, the Cabinet filed a petition alleging that I.C.D. was an abused or neglected child, identifying B.M.H. as the father. The Cabinet was granted temporary custody of the child. On November 8, 2010, the Cabinet filed a petition for involuntary termination of B.M.H.'s parental rights. B.M.H. was incarcerated at the time of the hearing and participated telephonically. Ultimately, the family court terminated B.M.H.'s parental rights to I.C.D. He now appeals.

■ On appeal, B.M.H. takes issue with his inclusion as a party to the action, alleging that he was not a necessary party under KRS[1] 625.065 because he was not the putative father of I.C.D. A putative father is not defined by statute; however, Black's Law Dictionary defines the term as "[t]he alleged biological father of a child born out of wedlock." Black's Law Dictionary (9th ed.2009). In an action to terminate parental rights, KRS 625.060 requires that the petitioner, the Cabinet (if not also the petitioner), and the biological parents, if known, be parties in the action. Putative fathers are not necessary parties if exempted by KRS 625.065. KRS 625.060(1)(c). KRS 625.065 requires the participation of a putative father in an

action to terminate parental rights if one of the following conditions exists:

(a) He is known and voluntarily identified by the mother by affidavit;

(b) Prior to the entry of a final order in a termination proceeding, he shall have acknowledged the child as his own by affirmatively asserting paternity in the action or to the custodial agency or the party bringing the action within sixty (60) days after the birth of the child;

(c) He has caused his name to be affixed to the birth certificate of the child;

(d) He has commenced a judicial proceeding claiming parental right;

(e) He has contributed financially to the support of the child, either by paying the medical or hospital bills associated with the birth of the child or financially contributed to the child's support; or

(f) He has married the mother of the child or has lived openly or is living openly with the child or the person designated on the birth certificate as the biological mother of the child.

If none of the above conditions exist, the putative father has no parental rights to the child in question. KRS 625.065(2).

■ In the case at bar, the Cabinet provided the testimony of Phyllis Eddy, a social worker employed by the Cabinet, who testified that N.D. identified B.M.H. as I.C.D.'s father in a sworn affidavit; however, no affidavit was introduced as evidence. KRE [2] 1002 requires that the contents of a document be proven by the original document. But since B.M.H. did not object to Eddy's testimony regarding the contents of N.D.'s affidavit, any error in its admission was not preserved for our review. *See Martin v. Commonwealth,* 207 S.W.3d 1, 3 (Ky.2006) (holding that unpreserved errors are only reviewed for palpable error which results in manifest injustice).

■ Whether B.M.H. is a putative father necessary to the action to terminate parental rights, or simply a putative father because N.D. and the Cabinet allege so, but not a necessary party, he is without any parental rights to I.C.D. either by the court's order or by effect of KRS 625.060(2). Furthermore, neither KRS 625.060 nor KRS 625.065 bars the inclusion of a putative father who does not meet the criteria of KRS 625.065(1) from a proceeding; each statute simply makes a putative father who does meet the criteria a necessary party. Finding that B.M.H. would have no parental rights to I.C.D. irrespective of the family court's admission of Eddy's testimony regarding N.D.'s affidavit, we are unable to say the alleged error resulted in manifest injustice to B.M.H. *See Martin,* 207 S.W.3d at 3 (the concept of manifest injustice requires a showing that a different result would have occurred or the error was so fundamental it threatens a party's right to due process of law).

The order of the Jefferson Circuit Court, Family Division is affirmed.

ALL CONCUR.

2. Kentucky Rules of Evidence.