Christopher STEWARD, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2011–SC–000393–MR.

Supreme Court of Kentucky.

Dec. 20, 2012.

Rehearing Denied May 23, 2013.

Thomas More Ransdell, Assistant Public Advocate, Department of Public Advocacy, Fair Oaks Lane, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Christian Kenneth Ray Miller, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, for appellee.

Opinion of the Court by Justice SCOTT.

A Kenton Circuit Court jury sentenced Appellant, Christopher Steward, to twenty-eight years' imprisonment based upon his prior conviction for wanton murder. He now appeals as a matter of right, Ky. Const. § 110(2)(b), alleging that the trial court: (1) violated his Sixth Amendment right to conflict-free counsel, (2) committed reversible error by failing to adhere to the requirements of RCr 8.30, and (3) violated his Sixth Amendment right to confront witnesses testifying against him. For the reasons set out below, we affirm Appellant's twenty-eight year prison sentence.

## I. BACKGROUND

Appellant was convicted of the wanton murder of Prince Warren and initially sentenced to forty years' imprisonment. Although we affirmed Appellant's conviction in *Steward v. Commonwealth*, No. 2008–SC–00617–MR, 2010 WL 1005912, at *1–2 (Ky. Mar. 18, 2010), we vacated his sentence and remanded for a new sentencing phase.[1]

At Appellant's second sentencing phase trial, which is the subject of the current appeal, he was represented by Department of Public Advocacy Attorney John Delaney. Delaney had represented defendant Chris Eapmon, who had been jointly in-

---

1. Specifically, we found that the trial court committed reversible error when it allowed the Commonwealth's witness to testify as to the contents of uncertified court records regarding Appellant's prior convictions in Ohio. *Steward,* 2010 WL 1005912, at *8–9.

dicted with Appellant, during his negotiations for a plea deal. Eapmon eventually pled guilty in exchange for his testimony against Appellant.[2]

During the sentencing phase retrial, the jury heard videotaped testimony from nine witnesses, including Appellant and Eapmon.

Further facts will be developed as required.

## II. ANALYSIS

### A. Conflict–Free Counsel

The Sixth Amendment provides that a criminal defendant has the right to "the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel includes "the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, effective assistance "includes the right to representation free from conflicts

of interest." *Rubin v. Gee*, 292 F.3d 396, 401 (4th Cir.2002) (*citing Cuyler v. Sullivan*, 446 U.S. 335, 348–50, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981)).

Here, we have an instance of successive representation.[3] For a criminal defendant to prove a violation of his Sixth Amendment right to counsel in cases involving successive representation, he must demonstrate that: 1) counsel's "representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. 2052; *see Lordi v. Ishee*, 384 F.3d 189, 193 (6th Cir.2004) (holding that *Strickland* applies to cases involving successive representation).[4]

Here, Appellant asserts he was prejudiced by Delaney's decision to forgo

2. Appellant was represented by Chris Jackson during his original trial.

3. "Successive representation occurs where defense counsel has previously represented a co-defendant or trial witness." *Moss v. United States*, 323 F.3d 445, 459 (6th Cir.2003). This differs from joint representation, which "occurs where a single attorney represents two or more co-defendants in the same proceeding." *Id.* at 455. Here, Appellant and Eapmon were not jointly represented by Delaney, as Delaney represented them at different stages—Eapmon through his guilty plea prior to trial and Appellant during his second sentencing phase. Thus, Delaney engaged in successive representation of Eapmon and Appellant.

4. If Appellant's counsel "had an actual conflict of interest, at least in cases involving multiple representation, a lesser standard has been applied." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir.2005). "This is because in joint representation cases of conflicting interests, the evil is in what the attorney finds himself compelled to refrain from doing, not only at trial, but also as to possible pretrial

plea negotiations and in the sentencing process. Accordingly, it would be difficult, if not impossible, to determine the prejudicial impact on the defendant in such cases." *Id.* Under these circumstances, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Sullivan*, 446 U.S. at 348, 100 S.Ct. 1708. If the defendant is able to make this showing, he "need not demonstrate prejudice in order to obtain relief." *Whiting*, 395 F.3d at 618.

We note that the U.S. Supreme Court in *Mickens v. Taylor*, while recognizing the high probability of prejudice arising from joint representation cases, acknowledged that "[n]ot all attorney conflicts present comparable difficulties." 535 U.S. 162, 175 [122 S.Ct. 1237, 152 L.Ed.2d 291] (2002). Thus, whether *Sullivan*, as opposed to *Strickland*, should be applied to successive representation cases "remains, as far as the jurisprudence of [the Supreme] Court is concerned, an open question." *Id.* at 176, 122 S.Ct. 1237.

calling Eapmon to testify at the second sentencing phase. Specifically, Appellant argues that Eapmon's videotaped testimony implicitly blamed him for murdering Warren by minimizing Eapmon's involvement. However, Appellant *admitted* that he shot Warren; the only issue was whether Appellant was acting in self-defense. *Id.* at *1–2. And, Eapmon's testimony did nothing to bolster or weaken Appellant's version of the events, as Eapmon stated he did not know whether Appellant or Warren fired first. *Id.* at *1. Thus, as we noted in our prior decision, Eapmon's testimony in its entirety "largely corroborated Appellant's version of events...." *Steward,* 2010 WL 1005912, at *1.

■ Moreover, even if we agree Delaney's decision not to call Eapmon as a witness during Appellant's second sentencing phase "fell below an objective standard of reasonableness," *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052, we cannot conclude that *Strickland*'s second requirement has been met. That is, we cannot find a reasonable probability that, but for Delaney's decision, the result—Appellant's sentence—would have been different. Thus, Appellant has not suffered any identifiable prejudice arising out of Delaney's decision and representation.[5]

### B. RCr 8.30

Appellant next argues that the trial court's alleged violation of RCr 8.30 war-rants reversal and remand for a new sentencing phase. Under RCr 8.30:

> If the crime of which the defendant is charged is punishable by a fine of more than $500, or by confinement, no attorney shall be permitted at any stage of the proceedings to act as counsel for the defendant while at the same time engaged as counsel for another person or persons accused of the same offense or of offenses arising out of the same incident or series of related incidents unless (a) the judge of the court in which the proceeding is being held explains to the defendant or defendants the possibility of a conflict of interests on the part of the attorney in that what may be or seem to be in the best interests of one client may not be in the best interests of another, and (b) each defendant in the proceeding executes and causes to be entered in the record a statement that the possibility of a conflict of interests on the part of the attorney has been explained to the defendant by the court and that the defendant nevertheless desires to be represented by the same attorney.

■ While we do not find that successive representation as occurred here violates RCr 8.30, we note that a violation of RCr 8.30 does not result in automatic reversal; rather, Appellant must make the additional showing that he suffered prejudice as a result of the violation. *Brewer v.*

---

However, since the Supreme Court's opinion in *Mickens,* the Sixth Circuit has stated that the rule pronounced in *Sullivan* "is inapplicable to cases of successive representations." *Lordi,* 384 F.3d at 193; *see also Whiting,* 395 F.3d at 619; *McFarland v. Yukins,* 356 F.3d 688, 701 (6th Cir.2004). Therefore, under the guidance of the Sixth Circuit, we find *Strickland* applicable to the facts of this case.

5. We acknowledge that "[a]s a general rule, a claim of ineffective assistance of counsel will not be reviewed on direct appeal from the trial court's judgment, because there is usual-ly no record or trial court ruling on which such a claim can be properly considered." *Humphrey v. Commonwealth,* 962 S.W.2d 870, 872 (Ky.1998). "This is not to say, however, that a claim of ineffective assistance of counsel is precluded from review on direct appeal, provided there is a trial record...." *Id.* Here, the record is sufficient for this Court to make a determination as to whether Appellant has suffered the particular prejudice he has alleged. Thus, despite the Commonwealth's argument, we find review of this issue to be proper under these circumstances.

*Commonwealth,* 206 S.W.3d 313, 321 (Ky. 2006). In this regard, we have already established that Appellant suffered no prejudice as a result of Delaney's representation. We simply find no error here.

## C. Confrontation Clause

Appellant's final argument is that the use of videotaped testimony (from the guilt phase of his trial) at his second sentencing phase violated his rights under the Sixth Amendment's Confrontation Clause, which provides "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI.[6] Specifically, Appellant asserts that the Commonwealth's failure to establish the unavailability of eight witnesses—whose recorded testimony was played to the sentencing jury—violated his Sixth Amendment right to confront his accusers at trial. However, Appellant concedes that a finding of error would require us to overrule our prior decision in *Boone v. Commonwealth,* 821 S.W.2d 813, 814–15 (Ky.1992).

*Boone* addressed what evidence could properly be submitted to a sentencing jury in a second sentencing phase (conducted as a result of reversible error committed during the original sentencing proceeding). *Id.* Despite the lack of an express statutory pronouncement in KRS 532.055, we held that "common sense dictates that the second jury must be told something about what transpired during the earlier guilt phase if they indeed are not 'to sentence in a vacuum without any knowledge of the defendant's past criminal record or *other*

matters that might be pertinent to consider in the assessment of an appropriate penalty.' " *Id.* at 814 (emphasis added) (quoting *Commonwealth v. Reneer,* 734 S.W.2d 794, 797 (Ky.1987)). As to the proof that could be properly presented, we stated that should the parties agree, "each could read a concise summary of the evidence which it offered and which was admitted at the guilt phase of the earlier trial." *Id.* at 814.

Although we have noted that "written summaries are often the best method" of informing the new jury of the crime that was committed, *Neal v. Commonwealth,* 95 S.W.3d 843, 851 (Ky.2003), we have also held that "[t]he playing of the videotape from the guilt phase during [a] second penalty phase" is not improper. *Id.* (citing *Boone,* 821 S.W.2d at 813).[7] However, we acknowledge that our decisions in *Boone* and *Neal* were rendered before the United States Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

In *Crawford,* the petitioner argued that the admission of his wife's recorded statement at his trial violated his rights under the Sixth Amendment's Confrontation Clause. *Id.* at 38, 124 S.Ct. 1354. The Supreme Court agreed with the petitioner and overruled its prior decision in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *Id.* at 68, 100 S.Ct. 2531. Because the petitioner had no opportunity to cross-examine his wife, the introduction of her recorded statement violated the Confrontation Clause. *Id.* at 68–69, 100 S.Ct. 2531.

6. Appellant argues that this issue was preserved—despite the fact that he did not object to the introduction of the videotaped testimony—because he did not affirmatively waive his right of confrontation. However, because we find that the trial court did not violate Appellant's Sixth Amendment confrontation rights, the determination of this issue is inconsequential.

7. In *Neal,* "[t]he trial judge invited the parties to prepare a summary of the facts in this case, but no agreement was reached. In lieu of a summary, the trial judge decided that an edited version of the trial on videotape was the best solution. The edited videotapes excluded bench conferences, opening statements and closing arguments." 95 S.W.3d at 851.

After reciting the history of the Confrontation Clause, the Court explained that "the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify...." *Id.* at 53–54, 100 S.Ct. 2531. It further reasoned that the Clause "commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Id.* at 61, 100 S.Ct. 2531. Thus, the Court held that "[t]estimonial statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.*

■ It is Appellant's contention that because the Commonwealth failed to establish that the witnesses were unavailable to testify during his second sentencing phase, the videotaped testimony was inadmissible under the Sixth Amendment's Confrontation Clause as construed in *Crawford.*[8] We disagree. *Crawford* establishes when testimonial statements may be admitted when a witness or witnesses are "absent from trial." 541 U.S. at 61, 124 S.Ct. 1354. Here, all eight witnesses testified at the guilt phase of Appellant's trial and were available for cross-examination. The fact that they were not present at Appellant's sentencing retrial is inconsequential. Thus, we find no reason to overrule *Boone* and its progeny because Appellant's Sixth Amendment confrontation rights were not violated.

## III. CONCLUSION

For the foregoing reasons, we affirm Appellant's twenty-eight year prison sentence.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and VENTERS, JJ., concur. SCHRODER, J., not sitting.

---

8. We acknowledge that the Supreme Court has never addressed whether the Confrontation Clause is applicable to sentencing proceedings. *See United States v. Paull,* 551 F.3d 516, 527 (6th Cir.2009) (*"Crawford* dealt only with the content of *what* the Confrontation Clause requires and not the scope of *when* it applies."). However, the majority of federal courts that have addressed this issue have found *Crawford* to be inapplicable at the sentencing stage. *See United States v. Powell,* 650 F.3d 388, 393 (4th Cir.2011) (collecting several Federal Courts of Appeals' decisions holding that the Confrontation Clause is inapplicable to sentencing proceedings). However, resolution of this issue at this time is unnecessary because the trial court's admission of the videotaped testimony did not violate the Confrontation Clause.