**Said Ali BIYAD, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–SC–000409–MR.

Supreme Court of Kentucky.

Feb. 21, 2013.

James David Niehaus, Deputy Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General, Jason Bradley Moore, Assistant Attorney General, Office of Criminal Appeals, Office of the Attorney General, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice NOBLE.

Appellant Said Ali Biyad was convicted of murdering his four children and attempting to murder his wife. At a bench trial, Appellant presented an insanity defense supported by expert testimony, and the Commonwealth provided an expert rebuttal witness. On appeal Appellant claims once he presented evidence that he was insane, the burden of disproving his

insanity defense shifted to the Commonwealth, and that because it did not meet this burden, the trial court erred in convicting him. The Court holds that the defendant's presentation of evidence supporting an insanity defense does not shift the burden to the Commonwealth to disprove it. Thus, the trial court did not err, and Appellant's convictions are affirmed in their entirety.

## I. Background

On October 6, 2006, Appellant rode a Louisville city bus from his home to the police station and told an officer and a detective that he had killed his four children by cutting their throats. Police went to Appellant's residence to confirm his story and found the children's bodies along with Appellant's wife, who had been beaten. Thereafter, Appellant gave a recorded statement in which he again admitted killing the children.

Appellant agreed to a bench trial on the condition that the death penalty was excluded as possible punishment. At trial, Appellant testified that he had not in fact killed his children, as he had stated twice in previous confessions, but that it had been a group of men in a blue Honda who had come to his home to extort money from him.

Despite Appellant's recantation, his counsel focused on Appellant's state of mind at the time that he committed the crimes and asserted that he should not be convicted because he was not responsible for his actions. Dr. Walter Butler, a psychiatrist, gave an opinion that Appellant was a schizophrenic and lacked the substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law, showings required in order for a criminal defendant to exculpate his criminal conduct under KRS 504.020(1), which lays out what is commonly known as the insanity defense.

The Commonwealth called Dr. Greg Perry, a clinical psychologist at the Kentucky Correctional Psychiatric Center, as a rebuttal witness. Dr. Perry testified that Appellant was "certainly not" suffering from paranoid schizophrenia on the date of the murders and that there were no signs or symptoms of psychotic behavior, based on his own personal interview with Appellant and on the record, which included recorded interviews with Appellant the day of the murders.

The trial court found Appellant guilty of four counts of murder, one count of attempted murder, one count of second-degree assault, one count of first-degree rape, and three counts of tampering with physical evidence. Moreover, the trial court found defendant guilty of aggravating factors, namely that Appellant's actions were intentional and resulted in multiple deaths. Appellant was sentenced to life without parole.

This appeal followed as a matter of right to this Court. *See* Ky. Const. § 110(2)(b).

## II. Analysis

■ Though Appellant claims to raise only one issue on appeal, it appears that he actually makes two related arguments. First, he argues that once he introduced evidence of mental illness through Dr. Butler to exculpate him of criminal conduct pursuant to KRS 504.020, the burden of disproving that he was "insane" shifted to the Commonwealth.[1] He claims the trial

---

1. Our assumption that this is Appellant's true claim is buttressed by the Commonwealth's brief, which states that "[Appellant] argues that, under Kentucky law, he has a burden to produce evidence of insanity at the time the offense was committed, and then the burden shifts to the Commonwealth to prove that he was, in fact, sane at the time of the offense.".

court erred in not applying this burden-shifting approach to the case. He also claims that the Commonwealth did not meet this burden once it shifted, and thus his convictions must be reversed.

■ Appellant concedes that his claims are unpreserved, and as such the Court is obliged to review for palpable error only. A palpable error is one that "affects the substantial rights of a party" and will result in "manifest injustice" if not considered by the court. RCr 10.26. This Court has clarified that the key emphasis in defining such a palpable error under RCr 10.26 is the concept of "manifest injustice." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky.2006). "[T]he required showing is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Id.*

■ As to Appellant's first argument, this Court has repeatedly held that the burden of proof on insanity does not shift to the Commonwealth. In fact, the Court recently dealt with this issue in *Star v. Commonwealth*, 313 S.W.3d 30 (Ky.2010). In that case, the appellant introduced expert testimony that he was mentally ill at the time he killed two people and nearly killed a third. The Court recognized that there was other testimony from experts, witnesses, and even the appellant himself that suggested that he did not lack substantial capacity at the time of the crime "either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law." *Id.* at 34 (citing KRS 504.020). The Court also noted approvingly that the long-standing rule in Kentucky is that "[t]he burden of proof as to the question of a defendant's sanity at the time of a homicide never shifts from the defendant." *Id.* at 35 (citing *Wainscott v. Commonwealth*, 562 S.W.2d 628 (Ky.1978)). Indeed, this has been the rule

since at least 1978. *See Wainscott*, 562 S.W.2d at 631 ("That burden never shifts. It was incumbent on [the defendant] to prove his insanity.").

Appellant claims that the Court's reliance on cases such as *Wainscott* is improper because they pre-date the 1982 and 1988 amendments to KRS Chapter 504, specifically KRS 504.020. Namely, Appellant contends that the second sentence in KRS 500.070(1), the statutory provision that supplies the burden of proof required in criminal cases, applies to defenses based on insanity, and that statute places the burden on the Commonwealth. That sentence provides that while the Commonwealth has the burden of proving every element of a case beyond a reasonable doubt, it need not disprove "any element that is entitled a 'defense' ... unless the evidence tending to support the defense is of such probative force that in the absence of countervailing evidence the defendant would be entitled to a directed verdict of acquittal." KRS 500.070(1). Appellant claims that KRS 504.020 was amended so as to make insanity a "defense" for the purposes of this statute and that therefore the burden shifted to the Commonwealth to disprove that Appellant was insane. Such a claim is inconsistent with the Court's holding in *Star*, as well as the statutory language.

Appellant ignores that KRS 500.070(1) specifically notes that the Commonwealth's burden of proving every element of the case is present except as provided in KRS 500.070(3), which states that "[t]he defendant has the burden of proving an element of a case only if the statute which contains that element provides that the defendant may prove such element *in exculpation of his conduct.*" KRS 500.070(3) (emphasis added). KRS 504.020, which provides the insanity defense, states that "[a] defendant may prove mental illness ... *in exculpa-*

tion of criminal conduct." (Emphasis added.). The clear language of the statute places the burden on the defendant to prove mental illness, and does not provide that the burden shifts to the Commonwealth once the defendant's burden has been met.

Indeed, Professors Lawson and Fortune note the difference between "defenses" as provided in KRS 500.070(1) and "exculpatory elements" as used in KRS 500.070(3). See Robert G. Lawson 8b William F. Fortune, *Kentucky Criminal Law* § 1–5(c) (1998). The authors note that "defenses" include intoxication, duress, renunciation, self-defense, protection of others, protection of property and entrapment. *Id.* at § 1–5(c)(*l* ). They note that these defenses fall under the umbrella of the second sentence of KRS 500.070, and thus where a defendant has presented evidence sufficient to prove the defense, the burden shifts to the Commonwealth to adequately disprove it.

On the other hand, the authors note that "exculpatory elements" do not require disproof by the Commonwealth. They describe exculpatory elements as "true affirmative defenses," and state that "the only defense of this type that has application to all crimes is insanity." *Id.* at § 1–5(c)(2). Because they are true affirmative defenses, "greater evidence is required for jury instructions on 'exculpatory elements' (like insanity) than is required for jury instructions on 'defenses' (such as self-defense)" *Id.* Clearly, insanity falls under this latter category of "exculpatory elements."

 Directly to the issue of whether rebuttal is required when there has been evidence of mental illness, Professors Fortune and Lawson note that this Court answered that question in *Port v. Commonwealth,* 906 S.W.2d 327 (Ky.1995), which held that the standard for determining if rebuttal by the prosecution is required is "whether it would be clearly unreasonable for a jury to find against the defendant on the issue of insanity." *Id.* at 330. Moreover, rebuttal need not include expert testimony, *Wiseman v. Commonwealth,* 587 S.W.2d 235, 238 (Ky.1979), and rebuttal "is satisfied when the *whole evidence* is such that it would not be clearly unreasonable for a jury to find against defendant on the 'exculpatory element' at issue." Lawson & Fortune, *supra,* § 1–5(c)(2) (emphasis added). Further, the authors note that "[b]ecause 'insanity' is a legal/moral (not a medical) concept, jurors are and should be free to disregard expert testimony and decide an insanity issue on the basis of their understanding of the relationship of mental disorder and behavior." *Id.* at § 5–2(d).

Appellant is thus incorrect that once he introduced evidence of his mental illness at the time of the crimes, the burden shifted to the Commonwealth to prove that he was sane. Rather, the question was whether it would be clearly unreasonable for the trial court, acting as the fact finder by conducting a bench trial, to find against Appellant on the issue of insanity. *Port,* 906 S.W.2d at 330. The record indicates that the trial court heard testimony from Appellant's wife about his conduct at the time of the crimes, from the Appellant himself, from police officers who conducted the initial interviews, and most importantly rebuttal testimony from a clinical psychologist who testified that in his opinion Appellant could appreciate the criminality of his conduct or conform his conduct to the requirements of law. It is clear that there was sufficient evidence at trial to demonstrate that it was not "clearly unreasonable" for the trial court to find against Appellant on the issue of insanity.

While the Commonwealth claims that Appellant did not properly preserve this error for palpable error review by this

Court because he did not expressly cite to RCr 10.26 in his brief, the Court need not address Commonwealth's claim because it holds that the trial court did not err in finding Appellant guilty. Appellant's introduction of evidence of mental illness sufficient to raise the issue of insanity as a defense does not require the Commonwealth to then disprove mental illness. KRS 500.070(1) is not the applicable statute when dealing with a claimed insanity defense; instead, the burden of proof in such cases is laid out in KRS 500.070(3). The burden of proving insanity rests on the defendant.

### III. Conclusion

For the foregoing reasons, Appellant's convictions are affirmed in their entirety.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, SCOTT and VENTERS, JJ., sitting. All concur.