COMMONWEALTH of Kentucky, Appellant,

v.

Michael BUSHART, Appellee.

No. 2010–CA–000290–MR.

Court of Appeals of Kentucky.

April 8, 2011.

Jack Conway, Attorney General of Kentucky, James C. Shackleford, Assistant At-

torney General, Frankfort, KY, for appellant.

Bryan E. Wilson, Mayfield, KY, for appellee.

Before KELLER and LAMBERT, Judges; SHAKE,[1] Senior Judge.

## OPINION

LAMBERT, Judge:

The Graves Circuit Court dismissed a reckless homicide indictment after determining there was no probable cause to believe the shooting was not justified as self-defense. The Commonwealth appeals as a matter of right. After careful review, we reverse and remand for proceedings consistent with this opinion.

In the early morning hours of January 7, 2007, Michael Bushart was staying at the home of his girlfriend, Jacqueline Boyd, when the decedent, Michael Clapp, arrived at Boyd's home. Clapp and Boyd had previously dated, and Clapp had assaulted Boyd. His bond was posted on January 3, 2007, and was conditioned on the requirement that Clapp not have any contact with Boyd or her residence. The record indicates that Boyd may have sent Clapp a text message on the evening of January 6, 2007, and indicated that she still loved him. The record is not clear, however, as to whether Boyd specifically invited Clapp to her home that night, and she indicated in a statement to police that she only responded to his text message to prevent any future violence from occurring.

Brian Woods told police he was with Clapp on the evening of January 6, 2007, and heard Clapp say that Boyd had called him and told him she wanted him back.

Clapp apparently entered Boyd's house through a garage, and there was speculation that he did so by "laying down and lifting the garage door, so he could pull out a rake handle that had been used to secure it." The evidence indicated that the door was damaged and the lock would not lock, and thus Boyd had used a rake to secure it. The evidence also indicated that if Clapp entered the house through that door, he reclosed it and replaced the rake handle.

Boyd told police she heard jerking from a door in the basement and hid behind the bed. Apparently Bushart told her to call the police. Boyd then heard the kitchen door open and heard a gunshot. Boyd then heard Bushart yell, "Who is it?" and heard another gunshot.

Bushart told police he only fired one shot and the reason that there were two fired casings in his pistol was that he kept a previously fired casing under the hammer. However, there were two bullet wounds to the victim, one to the front of his body and one to his back. Bushart told police that Clapp threatened him and ran toward him before he fired his gun. Bushart had marijuana and drug paraphernalia in his possession, and "illegal controlled substances were in his system at the time of the shooting."

Based on the above, a Graves County grand jury indicted Bushart and charged him with reckless homicide for "recklessly causing the death of Michael Clapp by shooting him with a handgun." Bushart subsequently moved to dismiss the indictment on a claim of immunity for self-defense pursuant to KRS 503.085. In support of his motion to dismiss, Bushart submitted an affidavit stating that at the time

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

of the shooting, he was a guest in Boyd's home and heard a noise caused by Clapp attempting to break into the house. He indicated that he and Boyd knew it was Clapp, and that he was in fear for his and Boyd's safety. Bushart indicated that Clapp had previously beaten him in his yard, and he was aware that Clapp often "carried a stick that he used to beat people."

The Commonwealth responded and attached a supplemental report by Detective George Workman dated January 10, 2007, which included Boyd and Woods' respective interviews and statements. These interviews do not appear in the circuit court record.

The trial court analyzed for probable cause and entered an order on January 19, 2010, dismissing the indictment against Bushart. The trial court determined that Bushart had the right to use deadly force against Clapp and that the facts did not in any way rise to a showing of probable cause that Bushart was not entitled to the immunity provided in KRS 503.085. This appeal now follows.

The Commonwealth makes two central arguments on appeal. First, it argues that the trial court improperly considered Bushart's affidavit in support of his motion to dismiss. Next, the Commonwealth argues there was probable cause to believe Bushart's use of deadly force was unjustified.

The Commonwealth concedes that its first argument is not properly preserved for review by this Court, but urges us to review for palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26. That rule states:

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

The Commonwealth argues that the citizens of this state have suffered a manifest injustice by the pretrial dismissal of an indictment based upon evidence the court should not have considered. Bushart argues that this court should not review for palpable error under RCr 10.26 because the Commonwealth cannot show that any alleged error rises to the level of being jurisprudentially shocking or intolerable. *See Martin v. Commonwealth,* 207 S.W.3d 1, 4 (Ky.2006).

Because we believe that a manifest injustice could have occurred when the trial court reviewed Bushart's affidavit in support of his motion to dismiss, we will review the Commonwealth's arguments for palpable error.

KRS 503.085 provides that "[a] person who uses force as permitted in KRS 503.050, 503.055, 503.070, and 503.080 is justified in using such force and is immune from criminal prosecution and civil action for the use of such force, unless the person against whom the force was used is a peace officer...." The Kentucky Supreme Court has provided procedural guidance in situations where a defendant claims immunity under KRS 503.085. In *Rodgers v. Commonwealth,* 285 S.W.3d 740 (Ky.2009), the Court plainly stated: "[I]f the defendant claims immunity the court must dismiss the case unless there is probable cause to conclude that the force used was not legally justified." *Id.* at 754. The Court rejected Rodgers' argument that an evidentiary hearing was necessary to determine immunity under a preponderance of evidence standard. *Id.* The Court held that it was improper to consider evidence from a defendant on the issue of immunity and explained that the Commonwealth had

to establish probable cause and "it may do so by directing the court's attention to the evidence of record including witness statements, investigative letters prepared by law enforcement officers, photographs and other documents of record." *Id.* at 755. The Court noted that an evidentiary hearing at which a defendant could counter probable cause would create "in essence a mini-trial" which would be "fraught with potential for abuse." *Id.* The Court found that this would result in the trial court ruling on one of the elements of the crime from the bench, rather than a jury deciding the issue. *Id.*

In the instant case, Bushart submitted an affidavit in support of his motion to dismiss the indictment which included the allegation that the victim was attempting to break in to Boyd's home. Bushart also alleged that Clapp had severely beaten him prior to this incident and that Clapp often carried a stick. However, the allegation that a break in occurred is not unrefuted. There is evidence in the record that Boyd called or sent Clapp a text message saying she loved him, and according to one witness, told Clapp she wanted him back. The garage door through which Clapp allegedly broke into the house was re-secured by a rake handle, an unexpected action for a trespasser to take. There was at least some evidence that the victim may have thought he was on the property lawfully and was not intending to break in to Boyd's home.

Bushart's affidavit served to rebut this circumstantial evidence, and the trial court considered it when determining whether probable cause existed. Unlike what the Court in *Rodgers* approved for review by the trial court, the affidavit was outside the police reports and interviews. Upon review, it appears the trial court conducted a "mini-trial" and made a determination on an element of the offense for which Bushart was charged. This error was compounded because the Commonwealth was unable to examine Bushart's allegations through cross-examination. This is precisely the type of potential abuse about which the Court in *Rodgers* was concerned. Therefore, we hold that the trial court committed palpable error when it considered Bushart's affidavit. Accordingly, we must reverse the trial court's dismissal of the indictment and remand this matter for a probable cause determination wherein the affidavit is not considered.

In light of the above determination, we shall not address the Commonwealth's other argument on appeal. Based upon the trial court's improper reliance on Bushart's affidavit, we reverse the order of the Graves Circuit Court dismissing the indictment and remand this matter for proceedings consistent with this opinion.

ALL CONCUR.