RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000243-MR

RICKEY D. MCALLISTER                                         APPELLANT

APPEAL FROM FULTON CIRCUIT COURT
v.          HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 17-CR-00134

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Rickey McAllister (McCallister) appeals from the final

judgment of the Fulton Circuit Court after he was found guilty of drug-related

charges.  He complains that the circuit court improperly imposed a fine, court

costs, and jail fees.  We affirm.

## FACTS

In the fall of 2017, McCallister was arrested and charged with possession of a controlled substance in the first degree and possession of drug paraphernalia, a misdemeanor. He was assigned a public defender by the district court and that assignment was continued once he was indicted and the case proceeded in the circuit court.[1] Assigned counsel represented him at trial, at which he was found guilty by the jury of both counts, and was at his side at sentencing.

At the sentencing, the circuit court imposed a $500 fine for the possession of drug paraphernalia verdict. He was sentenced to three years' imprisonment for the felony charge of possession of a controlled substance in the first degree. Additionally, court costs of $160, to be payable in monthly installments of $30 after service of the term of incarceration, were imposed. Also imposed by separate order were jail fees of $22 a day for the 128 days spent

---

[1] We note that the district court appears to have attempted to have both found McAllister not indigent while at the same time granting him the services of a public defender by striking "denied" and writing in "granted" from the first selection of Form AOC-350.

The first line of that form reads: The Affiant _____
__ is NOT indigent pursuant to KRS Chapter 31 and the Request for Appointment of Counsel is DENIED.
The second line reads:
__ is indigent pursuant to KRS Chapter 31 and the Request for Appointment of Counsel is GRANTED. The Court appoints the Department of Public Advocacy to represent the Defendant in the above-styled case.

In essence, the district court carved out a third possibility—finding a person not indigent, but still appointing DPA to represent them. As McAllister has not raised the finding that he was not indigent, we will not revisit that finding.

awaiting trial. McAllister failed to timely file a notice of appeal and, rather, a motion for belated appeal was filed for him by counsel, though no order appointing counsel on appeal appears in the file.

McAllister does not appeal his conviction or his term of incarceration. Rather, he complains only about the costs, fees, and fine imposed.

## STANDARD OF REVIEW

There was no objection at the time of sentencing to the fine, fees, or costs, so these allegations of error must be reviewed for palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26. The Commonwealth has alleged that these issues were more than not objected to, arguing any objection was affirmatively waived by counsel. Counsel advocating for her client to be able to pay fines over time and in a denomination that he might have had less trouble paying is not an affirmative waiver, but is rather advocacy, and shall not be held to amount to a waiver of the right to attack their imposition as palpable error.

> We will reverse under the palpable error standard only when a "manifest injustice has resulted from the error." RCr 10.26. "[T]he required showing is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). When we engage in palpable error review, our "focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Id.* at 5.

*Baumia v. Commonwealth*, 402 S.W.3d 530, 542 (Ky. 2013).

-3-

## ANALYSIS

### 1. Misdemeanor Fine

The jury elected to recommend only a $500 fine be paid for the misdemeanor violation, with no accompanying period of incarceration.[2] McAllister argues that it is improper to assess a misdemeanor fine upon an indigent, but failed to acknowledge that the circuit court never found McAllister to be indigent. There is in the record no *in forma pauperis* finding to proceed on appeal without costs, though it does appear that McAllister paid no filing fees for the prosecution of this belated appeal.

As McAllister does not argue that the circuit court erred in finding him not indigent, erroneously insisting the circuit court found him indigent, we will not revisit that determination except to note that there appears evidence in the record that he receives $900 per month in benefits; thus, the record provides support for the circuit court's finding. *Trigg v. Commonwealth*, 460 S.W.3d 322 (Ky. 2015). Further, there can be no sentencing error which constitutes palpable error when the circuit court imposes a fine on a person it has not found to be indigent.

---

[2] McAllister argues that the jury's verdict was vague on this question as they crossed out the "and/or" portion of the verdict form and then wrote in "or," but failed to assess a term of incarceration. McAllister's argument is that in writing in the disjunctive, the jury indicated they wanted him to serve *either* zero months in jail or pay a $500 fine and that the choice should have been for the lesser punishment, *i.e.*, zero months in jail. We find this argument unworthy of discussion, but acknowledge it was made.

> If a trial judge was not asked at sentencing to determine the defendant's poverty status and did not otherwise presume the defendant to be an indigent or poor person before imposing court costs, then there is no error to correct on appeal. This is because there is no affront to justice when we affirm the assessment of court costs upon a defendant whose status was not determined. It is only when the defendant's poverty status has been established, and court costs assessed contrary to that status, that we have a genuine "sentencing error" to correct on appeal.

*Spicer v. Commonwealth*, 442 S.W.3d 26, 35 (Ky. 2014). The imposition of the misdemeanor fine was not palpable error.

### 2. Court Costs

The circuit court imposed $160 in court costs in the final judgment. Again, McAllister incorrectly argues that the circuit court found him to be indigent when the record is contrary to that assertion. Rather, the imposition of court costs is prohibited upon a "poor person" pursuant to Kentucky Revised Statutes (KRS) 23A.205(2), which McAllister acknowledges. However, since there was no objection to the circuit court's finding McAllister was not a poor person pursuant to KRS 453.190(2), this Court cannot review the assessment for palpable error. It would be reviewable error had the circuit court found McAllister to be a poor person and then assessed the costs, but it did not so find.

This Court cannot review the propriety of the circuit court's finding that McAllister was not a "poor person" without an objection to the finding. *Roe v.*

*Commonwealth*, 493 S.W.3d 814, 830 (Ky. 2015), *as modified* (May 5, 2016), *as corrected* (Nov. 14, 2016). The court costs stand.

### 3. Jail Fees

The circuit court obviously had taken note of several decisions of this Court and our Supreme Court as concerns the issue of imposition of jail fees. *See Jackson v. Commonwealth*, No. 2018-CA-000543-MR, 2019 WL 2246172 (Ky. App. May 24, 2019); *Bishop v. Commonwealth*, No. 2017-CA-001793-MR, 2019 WL 103924 (Ky. App. Jan. 4, 2019); *Weatherly v. Commonwealth*, No. 2017-SC-000522-MR, 2018 WL 4628570 (Ky. Sept. 27, 2018).[3]

The order of the circuit court assessing jail fees specifically points out that the fee of $22 a day was adopted by Fulton County "pursuant to applicable statute." The cases above involved this issue from this same circuit wherein there was no indication in the record that the per diem rate was established in accordance with the statute. Now that the order assessing establishes that the per diem fee was established as the law requires, and as there was no objection to the manner in which the county so established the per diem, the assessment shall stand. We

---

[3] "[U]npublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court." Kentucky Rules of Civil Procedure (CR) 76.28(4)(c). Unpublished opinions may be cited by the Court as persuasive. *Estate of Wittich By and Through Wittich v. Flick*, 519 S.W.3d 774, 779 (Ky. 2017).

decline to find, as McCallister invites, that the circuit court violated the law in assessing jail fees because we disagree that the circuit court found him to be indigent, and we decline to find palpable error occurred when the circuit court found him not to be a poor person when the court so found with no objection.

## **CONCLUSION**

Because the circuit court found McAllister to be non-indigent and no objection having been lodged thereto, we decline to find palpable error in that finding. Further, we find no palpable error in finding him not to be a poor person, there having been no objection lodged against such finding. Therefore, the assessment of court costs, the imposition of a misdemeanor fine, and the assessment of jail fees stands.

L. THOMPSON, JUDGE, CONCURS.

DIXON, JUDGE, DISSENTS WITHOUT SEPARATE OPINION.

BRIEFS FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky