RENDERED: JANUARY 2, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2024-CA-1551-MR

JERRY LEE PRATER                                          APPELLANT

v.                APPEAL FROM MONTGOMERY CIRCUIT COURT
HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 23-CR-00049

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND ECKERLE, JUDGES.

THOMPSON, CHIEF JUDGE: Jerry Lee Prater appeals from a conviction in Montgomery Circuit Court and raises multiple evidentiary issues. We believe there was palpable error when one of the witnesses testified using hearsay statements. This testimony severely damaged Appellant's defense and credibility. Due to this palpable error, Appellant is entitled to a new trial.

## FACTS AND PROCEDURAL HISTORY

On February 24, 2023, Appellant was indicted on charges of receiving stolen property with a value over $10,000,[1] resisting arrest,[2] and being a first-degree persistent felony offender.[3] The charges came from Appellant's being found in the driver's seat of a stolen car, refusing to exit the vehicle when ordered to by police, and requiring the police to physically remove him from the vehicle.

A one-day trial was held on October 9, 2024. Appellant testified that he did not know the vehicle was stolen and that his cousin, who was deceased at the time of trial, allowed him to borrow the car. Two police officers who found Appellant in the vehicle also testified to the circumstances around Appellant's arrest. The owner of the vehicle, Erica Donathan, was not permitted to testify at trial because the Commonwealth failed to timely identify her to the defense. Her name was only revealed to the defense the day before trial.

Officer Otis Kidd, the officer who spoke to Ms. Donathan and took the stolen vehicle report, also testified, but, upon objection by defense counsel, his testimony was limited by the court. Officer Kidd was allowed to describe the car and give other general information regarding the time and location of the theft. He

---

[1] Kentucky Revised Statutes (KRS) 514.110.

[2] KRS 520.090.

[3] KRS 532.080(3).

was not permitted to discuss any statements made by Ms. Donathan or her description of how the car was stolen. The reason for limiting his testimony was that the Commonwealth failed to timely turn over Officer Kidd's police report to the defense. The report was also only turned over to the defense the day before trial. This was in violation of Kentucky Rules of Criminal Procedure (RCr) 7.26, which states:

> Except for good cause shown, not later than forty-eight (48) hours prior to trial, the attorney for the Commonwealth shall produce all statements of any witness in the form of a document or recording in its possession which relates to the subject matter of the witness's testimony and which (a) has been signed or initialed by the witness or (b) is or purports to be a substantially verbatim statement made by the witness. Such statement shall be made available for examination and use by the defendant.

A police officer's report falls under this rule. *Akers v. Commonwealth*, 172 S.W.3d 414, 417 (Ky. 2005). The report itself was also excluded from evidence.

Finally, Kim Creech, a member of the Montgomery County Property Valuation Administration office, also testified. She testified that the PVA office tax records valued the stolen vehicle at $10,325. Defense counsel also objected to her testimony and the PVA valuation, arguing that they were not notified of her being a witness until the day before trial. The court overruled the objection.

Appellant was ultimately found guilty on all charges and sentenced to fifteen years in prison. This appeal followed.

## ANALYSIS

Appellant makes multiple evidentiary arguments surrounding the testimony of witnesses at trial; however, we think that Appellant's argument about Officer Kidd's giving hearsay evidence is determinative in this case and requires a new trial. As previously stated, Appellant testified. He testified that, on the day the car was stolen, he spent most of the day at another person's house and that location was not near where the car was stolen. He also testified that he was later taken to a gas station by a friend and left there. The police were eventually called to the gas station because Appellant was asking gas station patrons for a ride and allegedly causing a disturbance. A police officer arrived at the gas station and gave Appellant a ride. Appellant testified that the officer gave him a ride back to the house at which he was previously located.

Officer Kidd was recalled to the stand to rebut Appellant's testimony. Officer Kidd testified that he heard over the police radio that an officer had given Appellant a ride to a location about a mile from Ms. Donathan's residence and about an hour before the car was stolen. This directly contradicted Appellant's testimony. Officer Kidd then testified as to what Ms. Donathan told him as to how the car was stolen. Ms. Donathan had started the car in her driveway, left it running in order to warm up, and went back inside. At some point she noticed a man walk up her driveway, get in the car, and drive off.

Officer Kidd's testimony regarding what Ms. Donathan told him and what he heard over the police radio was hearsay. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. [Kentucky Rules of Evidence (KRE)] 801(c)." *Harris v. Commonwealth*, 384 S.W.3d 117, 125 (Ky. 2012). Hearsay is generally not admissible. KRE 802. KRE 803 and KRE 804 describe exceptions to the hearsay rule, but none apply in this instance. The implication of Officer Kidd's testimony was that Appellant was the one who stole the car because he was near Ms. Donathan's home around the time of the theft and was later found inside that car. This testimony also painted Appellant as untruthful because he testified he was not near Ms. Donathan's residence at any time.

Appellant did not object to this hearsay testimony and requests that we review this issue for palpable error.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

RCr 10.26.

> For an error to be palpable, it must be easily perceptible, plain, obvious and readily noticeable. A palpable error must involve prejudice more egregious than that occurring in reversible error[.] A palpable error must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings. Thus, what a palpable error analysis boils down to is whether

> the reviewing court believes there is a substantial possibility that the result in the case would have been different without the error. If not, the error cannot be palpable.

*Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (internal quotation marks, footnotes, and citations omitted). We believe this hearsay caused palpable error.

Appellant was charged with receiving stolen property. This offense requires that the person know the property was stolen. KRS 514.110(1). The hearsay statements testified to by Officer Kidd go directly toward Appellant's knowledge as to whether the car was stolen. In fact, the hearsay statements suggested to the jury that Appellant was the person who stole the car. In addition, the hearsay calls into doubt Appellant's alibi that he was nowhere near Ms. Donathan's home at the time the vehicle was stolen. Finally, the statements damaged his credibility and painted his testimony as untruthful.

## CONCLUSION

Officer Kidd's testimony using hearsay statements was palpable error as it infringed on the fairness of the trial. These statements were very damaging to Appellant's case and because they were hearsay statements, he was unable to defend himself from them. Appellant was unable to question Ms. Donathan regarding the events surrounding the theft of her vehicle and was not able to question the veracity of statements Officer Kidd heard over the police radio. The

-6-

hearsay statements prevented Appellant from being able to fairly present a full defense, and allowing the verdict to stand would be "jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006). We reverse and remand for a new trial.[4]

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Jennifer Wade | Russell Coleman |
| Assistant Public Advocate | Attorney General of Kentucky |
| Department of Public Advocacy | |
| Frankfort, Kentucky | Stephanie L. McKeehan |
| | Assistant Attorney General |
| | Frankfort, Kentucky |

---

[4] Appellant's other arguments raised on appeal are moot since we are granting a new trial.