RENDERED: MAY 15, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0700-ME

SHANE VINCENT KININMONTH                              APPELLANT

|  | APPEAL FROM JEFFERSON FAMILY COURT |
|---|---|
| v. | HONORABLE ANGELA JOHNSON, JUDGE |
|  | ACTION NO. 25-D-501101-001 |

AUTUMN CAMIELLE LASLEY;
F.X.W., A MINOR CHILD; AND
R.W.H., A MINOR CHILD                           APPELLEES

AND

NO. 2025-CA-0702-ME

SHANE VINCENT KININMONTH                              APPELLANT

|  | APPEAL FROM JEFFERSON FAMILY COURT |
|---|---|
| v. | HONORABLE ANGELA JOHNSON, JUDGE |
|  | ACTION NO. 25-D-501399-001 |

AUTUMN CAMIELLE LASLEY                               APPELLEE

** ** ** ** **

BEFORE:  A. JONES, KAREM, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE:  Appellant, Shane Vincent Kininmonth ("Shane"),
appeals the Jefferson Family Court's entry of a domestic violence order ("DVO"),
against him in Case No. 25-D-501101-001 and its subsequent dismissal of his own
motion in Case No. 25-D-501399-001 seeking a DVO against Appellee, Autumn
Camielle Lasley ("Autumn").  After careful review, we find no evidence of
manifest injustice and affirm the family court's ruling.

## BACKGROUND

Shane and Autumn moved in together after a brief period of dating.
They resided in a Louisville apartment along with Autumn's two minor children,
F.X.W. and R.W.H., and by all accounts, the couple's relationship was
contentious.  On April 2, 2025, the partnership erupted into a prolonged domestic
violence event that culminated in Autumn requiring medical treatment at Norton
Suburban Hospital.  Due to the nature of her injuries, hospital staff notified the
Louisville Metro Police Department ("LMPD").  During her interview with LMPD
Autumn revealed this was not the first time Shane had assaulted her, but that she
had previously refrained from reporting the domestic violence to law enforcement.

This time, however, Autumn filed a police report. She also sought an Emergency Protective Order ("EPO") from the family court to shield herself and her children from further interaction with Shane. Autumn's request was granted, and an EPO was entered with the notation that it would remain in effect until a hearing was held in the matter. Shane then filed his own motion for an order of protection against Autumn. He claimed Autumn was the true aggressor during the April incident, that he had been falsely imprisoned after she filed the police report, and that he was now living in constant fear for his life.

A hearing on both motions was held on May 7, 2025.[1] The family court found that Shane perpetrated domestic violence against Autumn on April 2, 2025, and that domestic violence had also occurred prior to that date and was likely to recur in the future. Noting the severity of the attack, the court ordered Shane to complete a Batterers Intervention Program (BIP) and entered a permanent DVO, effective until May 2028. Under the DVO's terms, Shane was prohibited from having any contact with Autum and her children, and he was enjoined from approaching within 500 feet of them. Shane was also barred from obtaining, buying, or possessing any firearms for the duration of the DVO. Finally, the family court considered Shane's opposing assertion that Autumn had perpetrated

[1] The Jefferson Circuit Clerk joined the two cases together on the docket, since both complaints arose out of the same underlying incident.

-3-

domestic violence against him and found that he had failed to establish his allegation by a preponderance of the evidence. Therefore, Shane's petition for a DVO against Autumn was denied.

Shane timely appealed both decisions and filed a *pro se* brief with our Court. Autumn did not file a response brief. Because the cases arose out of the same underlying incident and were joined prior to the evidentiary hearing in the family court, we will consider them together.

## ANALYSIS

Shane's *pro se* brief presents with multiple formatting inconsistencies and makes for a challenging read. When briefing errors occur that relate solely to formatting rules, our Supreme Court has held that a limited standard of review is not an appropriate sanction. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). However, a limited review for manifest injustice is appropriate when a party fails to inform the appellate court "where in the record his issue is preserved[.]" *Id.* Here, while Shane directs our Court to "watch the entire video record" and provides multiple quotations and pin cites from the hearing video, he largely provides a running commentary about the underlying proceeding, without specifying or describing where legal errors were raised for the family court to initially rule on. In fact, he essentially makes no substantive argument at all to support his claim that the cited video clips illustrate reversible error—other than

-4-

general complaints of unfairness and accusations of lying. "If a party fails to inform the appellate court of where in the record his issue is preserved, the appellate court can treat that issue as unpreserved." *Ford*, 628 S.W.3d at 155. Furthermore, "[i]t is not our function as an appellate court to research and construct a party's legal arguments, and we decline to do so here." *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005).

Nevertheless, given that Shane filed a brief that arguably attempted to comply with the rules, and given that his non-compliance with those rules does not prejudice or harm Autumn, we will perform a review for manifest injustice. *See French v. French*, 581 S.W.3d 45 (Ky. App. 2019); *Petrie v. Brackett*, 590 S.W.3d 830, 835 (Ky. App. 2019). Manifest injustice requires a showing that a different result was probable, or that the claimed error in the proceeding was shocking or jurisprudentially intolerable. *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006).

Shane has failed to establish the existence of any error that meets that manifest injustice threshold. The family court herein did not base its decision on unsupported opinion testimony. Reports and observations from law enforcement and medical providers documented and substantiated that conduct had been perpetrated against Autumn that met the definition of domestic violence and

-5-

abuse.[2] Evidence presented at the DVO hearing further demonstrated that domestic violence and abuse had occurred in the relationship and could likely occur again. The court noted Shane's well-documented history of violence. At various points in 2018 and 2022, two women and one man were granted protective orders against him.[3] Autumn told the LMPD about previous violence in her relationship with Shane before she filed the complaint that led to this case. A report from the Jefferson County Sheriff's Office listed multiple prior offenses for Shane, including domestic violence complaints and harassing communications. It also appears from the record that Shane did not comply with a court order to register with the Court Monitoring Center within forty-eight hours of the DVO's entry. Finally, although evidence showed that Autumn often inflicted verbal abuse herself, there was no evidence she physically attacked Shane or reacted to his attack beyond a level of basic self-defense. Therefore, after having reviewed the record, we discern no palpable error that affected Shane's substantial rights and perceive no basis for a finding of manifest injustice.

---

[2] Kentucky Revised Statute 403.720(2) defines "Domestic violence and abuse" as: "(a) Physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]"

[3] A third woman requested a protective order in 2023, but it was denied. *See* No. 2025-CA-0700-ME, Trial Record (T.R.) pp. 30-31.

## CONCLUSION

For the foregoing reasons, the entry of the DVO against the Appellant and the dismissal of the complaint against the Appellee are both hereby AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

Shane Vincent Kininmonth, *pro se*
Louisville, Kentucky