RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0665-MR

BRANDON ENGSTROM                                                                      APPELLANT

v.                    APPEAL FROM KENTON CIRCUIT COURT
                      HONORABLE KATHLEEN S. LAPE, JUDGE
                      ACTION NO. 21-CR-00697

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE: Brandon Engstrom appeals from his conviction and argues that the trial court should have granted a continuance to allow him to hire private counsel. We find no error and affirm.

# FACTS AND PROCEDURAL HISTORY

Appellant was indicted for trafficking in marijuana between eight ounces and five pounds,[1] driving while under the influence of a controlled substance,[2] and two counts of possession of drug paraphernalia.[3] Appellant was appointed an attorney from the Public Defender's Office to represent him at trial. On the day of trial, Appellant informed the court that he wished to hire new counsel. He stated that he did not believe his public defender had his best interests in mind. He also stated that he had spoken to a private attorney and was going to hire him when he received his tax refund. Appellant did not specifically ask for a continuance. Defense counsel stated that he was prepared for trial and that this request was the first he had heard about potential new counsel. The trial court denied Appellant's motion and the case proceeded to trial.

Appellant was convicted of the trafficking and drug paraphernalia charges. He was acquitted of the driving under the influence charge. Appellant was sentenced to two years in prison. This appeal followed.

---

[1] Kentucky Revised Statute (KRS) 218A.1421(3).

[2] KRS 189A.010(1)(c).

[3] KRS 218A.500(2).

# ANALYSIS

Appellant argues on appeal that the trial court should have granted a continuance to allow him to hire private counsel. Appellant concedes that he did not specifically ask for a continuance; therefore, he requests that we review this issue for palpable error.

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

Kentucky Rules of Criminal Procedure (RCr) 10.26. "To discover manifest injustice, a reviewing court must plumb the depths of the proceeding . . . to determine whether the defect in the proceeding was shocking or jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006).

> Whether a continuance is appropriate in a particular case depends upon the unique facts and circumstances of that case. Factors the trial court is to consider in exercising its discretion are: length of delay; previous continuances; inconvenience to litigants, witnesses, counsel and the court; whether the delay is purposeful or is caused by the accused; availability of other competent counsel; complexity of the case; and whether denying the continuance will lead to identifiable prejudice. To warrant substitution of counsel, appellant must show: (1) complete breakdown of communications between counsel and himself, (2) a conflict of interest, or (3) that his legitimate interests are being prejudiced.

-3-

*Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991) (citations omitted), *overruled on other grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001). The decision to grant a continuance is within the trial judge's discretion. *Id.* "[A] defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama*, 287 U.S. 45, 53, 53 S. Ct. 55, 58, 77 L. Ed. 158 (1932).

Here, when we examine the *Snodgrass* factors through the lens of palpable error, we conclude that the trial court made no error. Weighing in Appellant's favor is the fact that there had been no prior continuance requests. Also, the only inconveniences would be the usual inconveniences of rescheduling a trial. Further, the only witnesses to testify were those for the Commonwealth. Those witnesses were all employees of the state which suggests there would be little inconvenience to them if the trial were rescheduled.

On the other hand, the case was not very complex and would not require a specialized defense attorney. Also, the evidence of trafficking was overwhelmingly against Appellant; therefore, there is no evidence of prejudice to Appellant.[4] The police found over eight ounces of marijuana after searching Appellant's car. Appellant also made statements incriminating himself in

---

[4] The trafficking charge was the only felony for which Appellant was on trial. The other charges were misdemeanors. As it was the only felony, and was the cause of his two-year sentence, we are primarily focusing on it.

trafficking activities. Further, the police found a digital scale, a grinder, and plastic baggies inside the car. Appellant also had over three thousand dollars in his possession. All of this points to trafficking in marijuana.

As for the availability of other counsel, while Appellant stated he wanted to hire private counsel, he had yet to do so and was relying on a speculative amount of money to do so. Had Appellant already had new counsel, or even had the tax refund money in his possession, maybe this factor would have been in his favor. Furthermore, because Appellant did not ask for a continuance, we do not know how long of a delay would have been reasonable to hire this new attorney.

## **CONCLUSION**

Based on the foregoing, we affirm. The trial court did not err in failing to grant Appellant a continuance or the chance to hire a private attorney. There was no palpable error or manifest injustice in the failure to grant a continuance.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky