RENDERED:  FEBRUARY 2, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2023-CA-0645-MR

JAMES BOSTICK AND CASEY
BOSTICK                                                                    APPELLANTS


                      APPEAL FROM WARREN CIRCUIT COURT
v.             HONORABLE CHRISTOPHER T. COHRON, JUDGE
                        ACTION NO. 23-CI-00399


BOWLING GREEN-WARREN
COUNTY CONTRACTOR'S
LICENSING BOARD                                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND McNEILL,
JUDGES.

THOMPSON, CHIEF JUDGE:  James Bostick and Casey Bostick ("Appellants")

appeal from an order of the Warren Circuit Court granting summary judgment in

favor of Bowling Green-Warren County Contractor's Licensing Board

("Appellee").  Appellants argue that the circuit court improperly relied on hearsay

in granting summary judgment and in permanently enjoining Appellants from

engaging in contracting work in Warren County, Kentucky.  After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellee is authorized pursuant to Chapter 6-13 of the Bowling Green, Kentucky Code of Ordinances to grant contractor's licenses in Warren County, Kentucky.  In order to obtain a license, a party must comply with various requirements including proof of worker's compensation, liability, and unemployment insurance, and must agree to abide by applicable local, state, and federal statutes and regulations.  Maintenance of the license requires continuing education and annual reapplication.

Appellants previously maintained a contractor's license in Warren County and operated under the name "A Day in the Sun LLC."  During Appellants' period of licensure, Appellee received three consumer complaints alleging that Appellants received payment for swimming pool construction that was never completed.  Appellee asserts that the complaints resulted in criminal prosecutions, after which Appellants each entered guilty pleas to multiple felonies.  As part of their criminal sentence, Appellants were required to pay joint and several restitution in the amount of $93,628.15.

After the convictions, Appellants allowed their contractor's license to expire. According to Appellee, Appellants were told that as a prerequisite to re-licensure, they would have to demonstrate compliance with the restitution order.

On March 15, 2023, Appellee received information that Appellants were operating a business in Warren County, under the name "Pool Pros Liners & More." The information indicated that Appellees had quoted a price to a customer for a project in Warren County and produced a written estimate. Based on this information, and its knowledge of Appellants' criminal history and lack of licensure, Appellee filed the instant action in Warren Circuit Court seeking to permanently enjoin Appellants from operating as contractors in Warren County. After Appellants answered the complaint, Appellee filed a motion for summary judgment.

In response to the motion, Appellants argued that a genuine issue of material fact existed sufficient to overcome Appellee's motion for summary judgment. Specifically, they maintained that they were not engaged in contracting work in Warren County, but rather that James Bostick was an employee of a company called "The Pool Guys." Following briefs and oral argument, the Warren Circuit Court rendered an order granting Appellee's motion for summary judgment, and permanently enjoined Appellants from engaging in contracting work in Warren County, Kentucky. This appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENT AND ANALYSIS

Appellants deny having performed contracting work without a license in Warren County, and argue that the Warren Circuit Court erred in granting

Appellee's motion for summary judgment. Appellants maintain that Appellee's affidavit in support of its complaint was based on mere hearsay rather than the personal knowledge of the affiant. They direct our attention to case law which they claim supports their contention that an affidavit containing mere hearsay is insufficient to support a motion for summary judgment. Appellants request that we engage in *de novo* review of Appellee's motion, and argue that, on review, the inadmissible hearsay cannot be relied upon to demonstrate that no material fact remains for adjudication. Appellants also note that the affidavit of James Bostick disputes the hearsay allegation and assert that the record is otherwise insufficient to sustain Appellee's motion for summary judgment.

Appellee responds that Appellants' hearsay argument was not raised below and was not considered by the circuit court; therefore, it is not preserved for appellate review. As for Appellee's affidavit, they argue that it was properly executed by Appellee's Executive Director, Holly Warren, and demonstrates that no material facts remain for adjudication. They also point out that the affidavit was supported by a February 5, 2023 invoice from "Pool Pros Liners & More," demonstrating that Appellants were engaged in contracting work without a license in Warren County. They argue that summary judgment was properly entered.

We agree with Appellee that Appellants' hearsay argument was not raised below and was not considered by the circuit court; therefore, it is not

preserved for appellate review. To attempt compliance with Kentucky Rules of Appellate Procedure ("RAP") 32(A)(4),[1] which requires a statement at the beginning of the argument showing that the issue was properly preserved for review, Appellants cite their response to Appellee's motion for summary judgment. That response, however, does not contain any argument that Appellee's affidavit improperly relied on hearsay. We find this argument nowhere in the circuit court record. As such, and per *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010), we will review Appellants' appeal only for manifest injustice. Manifest injustice requires a showing of the probability of a different result, or that the error in the proceeding was of such magnitude as to be shocking or jurisprudentially intolerable. *Martin v. Commonwealth*, 207 S.W.3d 1, 3-4 (Ky. 2006).

The question for our consideration, then, is whether Appellants have proven the probability of a different result but for the alleged error, or that the error was of such magnitude as to be shocking or jurisprudentially intolerable. *Id.* After carefully reviewing the record and the law, we must answer this question in the negative.

In sustaining Appellee's motion for summary judgment, the Warren Circuit Court relied on a properly executed affidavit of Appellee's Executive

---

[1] Formerly CR 76.12(4)(c)(v).

Director, alleging that Appellants were engaged in contracting work in Warren County without a license. The information in support of the affidavit was not mere conjecture, but consisted of a written estimate on "Pool Pros Liners & More" letterhead, with the customer's name and address, quoting a price of $12,200.00 for the installation of an inground spa. The estimate showed an email address appearing to be that of Appellant James Bostick. In addition, James Bostick acknowledged in his affidavit: that he incorporated "Pool Pros Liners & More, LLC"; that he was the registered agent and sole owner of the corporation; and, that Appellants do not possess a license to engage in contracting work in Warren County.

Further, Ms. Warren's affidavit asserted the following: that several consumer complaints were filed against Appellants in the past resulting from fraudulent contracting work; that felony charges resulted against both Appellants; that Appellants entered guilty pleas; and, that restitution was ordered in the amount of $93,628.15. Appellants have not denied these claims. Ms. Warren stated that in order to re-establish licensure, proof of restitution payment would be required. No such proof has been tendered.

Lastly, we are not persuaded by Appellants' contention that *Cadleway Properties, Inc. v. Bayview Loan Servicing, LLC*, 338 S.W.3d 280 (Ky. App. 2010), should have prevented the circuit court from considering an affidavit

containing hearsay evidence. Again, this argument was not raised below, and is not preserved for appellate review. *Hallis, supra. Arguendo*, even if this argument were preserved, *Cadleway* merely recognizes that an affidavit in support of summary judgment "shall set forth such facts as would be admissible in evidence[.]" *Cadleway*, 338 S.W.3d at 288 (quoting CR 56.05). We believe that if Appellee's complaint had proceeded to trial, Appellee could have properly sought the admission of the written estimate on "Pool Pros Liners & More, LLC" letterhead, upon which it supported its allegation that Appellants were engaged in contracting work in Warren County without a license. As such, even if this argument were properly preserved, it would not have formed a basis for reversing the order on appeal.

## CONCLUSION

Based on *Hallis* and *Martin*, *supra*, and the totality of the record, we do not find error of such magnitude as to be shocking or jurisprudentially intolerable, nor that a different result was probable but for the alleged error. The record supports the circuit court's conclusion that there was no genuine dispute that Appellants do not possess a license issued by Appellees, and engaged in contracting work in Warren County. Mr. Bostick's claim that he was acting merely as an employee for another company is undermined by the estimate made on "Pool Pros Liners & More" letterhead, and his acknowledgment that he is the

-8-

registered agent and sole owner of the corporation. Accordingly, we find no manifest injustice. For the foregoing reasons, we affirm the judgment of the Warren Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANTS:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Scott A. Bachert
Colton W. Givens
Bowling Green, Kentucky